**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEATRIZ ELENA ESPINEL,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General,<br><br>Respondent. | No. 07-70552<br><br>Agency No. A096-163-123<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Beatriz Elena Espinel, a native and citizen of Venezuela, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen and reconsider, *Mohammed v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The BIA was within its discretion in denying Espinel's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the immigration judge's ("IJ") order denying her application for asylum. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

The BIA did not abuse its discretion by denying Espinel's motion to reopen, because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

We lack jurisdiction to review Espinel's IJ bias contention because she failed to exhaust that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We lack jurisdiction to review the BIA's October 10, 2006, order, dismissing Espinel's direct appeal from the IJ's decision, because this petition for

review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th

Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**